CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

AUG 20 2009

JOHN F. CORCORAN, CLERK
BY: [signature]
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **ANNETTE ROSS,** **Plaintiff,** | ) | **Civil Action No. 7:09-cv-00243** |
| **v.** | ) | **MEMORANDUM OPINION** |
| **GARY L. BASS, et al.,** **Defendants.** | ) | **By: Hon. James C. Turk** **Senior United States District Judge** |

Annette Ross, a Virginia inmate proceeding pro se, filed a civil rights complaint, pursuant to 42 U.S.C. §1983 with jurisdiction vested in 28 U.S.C. §1343. Plaintiff alleges that the defendants, officials for the Virginia Department of Corrections, violated her constitutional rights by reading her outgoing mail. Upon consideration of the complaint, the court finds that this action must be dismissed without prejudice because it is clear from the face of the complaint that plaintiff did not exhaust administrative remedies before filing this action, as required by 42 U.S.C. § 1997e(a).

The Prison Litigation Reform Act ("PLRA") provides, among other things, that:

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Under the plain language of the statute, exhaustion of administrative remedies is a "prerequisite to suit" for a prisoner's civil rights suit. See Porter v. Nussle, 534 U.S. 516, 524 (2002). The United States Supreme Court held that the exhaustion of administrative remedies requirement applies to "all inmate suits, whether they involve general circumstances or particular episodes, . . . whether they allege excessive force or some other wrong," and whether or not the form of relief the inmate seeks is available through exhaustion of administrative remedies.

Id. To satisfy § 1997e(a) before filing a § 1983 action, an inmate must follow each step of the established administrative procedure that the state provides to prisoners and meet all deadlines within that procedure. See Woodford v. Ngo, 548 U.S. 81, 92-94 (2006). Failure to file on time, according to an agency's deadlines, is not "proper exhaustion." Id. Therefore, an inmate must timely file a grievance raising the claim and timely appeal it through all available levels of appeal for a particular claim when the prison provides an administrative grievance procedure to satisfy 42 U.S.C. § 1997e(a). Exhaustion must be complete prior to filing a related civil rights complaint. Porter, 534 U.S. at 524.

Plaintiff states in the complaint that her institution has a grievance procedure but she did not file any grievances because "it would have to go to the authorities that I have a complaint against and even though I mailed a letter out to each individual I didn't receive a response back." (Compl. 3.) However, the exhaustion requirement is intended to give prison officials "time and opportunity to address complaints internally." Id. at 525. Personal correspondence to prison officials outside formal grievance procedures does not satisfy "proper exhaustion," and plaintiff is not excused from administrative exhaustion merely because she would have to grieve her issues to the same authorities whose conduct she seeks redress. See Woodford, 548 U.S. 93-94. Accordingly, the court dismisses the complaint without prejudice for failing to exhaust administrative remedies, pursuant to 42 U.S.C. 1997e(a).

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

**ENTER**: This 20th day of August, 2009.

James C. Turk
Senior United States District Judge